IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 JAN 22 PM 1:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JUAN MENA, ET AL., } | |
| Plaintiffs } | CIVIL ACTION NO. |
| vs. } | 96-AR-2693-S |
| SMITH BARNEY, INC., ET AL., } | |
| Defendants } | |
| } | |
| SMITH BARNEY, INC. } | 96-AR-2799-S |
| Plaintiff } | (Consolidated cases) |
| vs. } | |
| WANDA YNEZ JOYCE, } | |
| Defendant } | |

ENTERED
JAN 2 2 1997

### MEMORANDUM OPINION

The court has for consideration a motion filed on January 21, 1997, by Wanda Ynez Joyce ("Joyce"), one of the two original plaintiffs in CV 96-AR-2693-S and the only defendant in CV 96-AR-2799-S, for reconsideration of the order entered by the court on December 31, 1996. Joyce's motion expressly invokes neither Rule 59, F.R.Civ.P., nor Rule 60, F.R.Civ.P. Because a Rule 59 motion must be filed within ten (10) days of the order complained about, Joyce's present motion necessarily invokes Rule 60. Yet, there are no allegations of clerical error by the court, or of mistake, or of

1

19

inadvertence, or of surprise, or of excusable neglect, or of newly discovered evidence, or of fraud, or that the judgment is void. Nevertheless, the court willing assumes that Joyce intends to claim "mistake" and/or "inadvertence" and/or "surprise" and/or "excusable neglect" by alleging in paragraph 2 of her motion that she "was unaware that the merits of Smith Barney's Motion to Compel Arbitration in CV 96-AR-2799-S were before the court, and thereby was denied an opportunity to submit case law supporting a denial of Smith Barney's Request for Arbitration ...."  Finding that the procedural sequence presents sufficient evidence for a finding of "mistake" and/or "inadvertence" and/or "surprise" and/or "excusable neglect" to provide a basis for invoking Rule 60(b)(1), the court will by separate order grant Joyce's motion.

Upon reconsidering the matter of compulsory arbitrability in light of what Joyce now argues, the court reaches the same conclusion it reached on December 31, 1996, for the same reasons then articulated, plus its respectful disagreement with Joyce's contention that her dispute with Smith Barney does not "arise out of or relate to" the written agreement between her and Smith Barney.  This court believes that the evolving case law on the subject commands arbitration here.  Today in the event of ambiguity, the benefit of the doubt goes to the party claiming arbitrability.  Lastly, this court strongly disagrees with Joyce's argument that the fact that her co-plaintiff, Juan Mena, did not

have a similar contract with Smith Barney and therefore must have access to court, stands in the way of enforcing Joyce's contract.

An appropriate, separate order will be entered.

DONE this 22nd day of January, 1997.

                                /s/ William M. Acker
                                WILLIAM M. ACKER, JR.
                                UNITED STATES DISTRICT JUDGE